```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


UNITED STATES ex rel.          :      CIVIL ACTION
CHARLES LOBEL                  :
                               :
       v.                      :
                               :
EXPRESS SCRIPTS, INC.          :      NO. 05-cv-02707-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                     December 1, 2008

Charles Lobel, a pharmacist, filed this *qui tam* case against the defendant, his former employer. After a lengthy review period, the government opted not to intervene. The defendant has filed a motion to dismiss, which the plaintiff opposes and in connection with which the government filed a statement of interest.

Express Scripts is a pharmacy benefit manager; for purposes of this case, the company fills prescriptions by mail. The complaint alleges that Express Scripts has violated the False Claims Act, 31 U.S.C. § 3729(a) (the "FCA") and state law. At oral argument, Mr. Lobel withdrew the state-law claims, leaving only the FCA at issue.

The relator has alleged violations of several provisions of the FCA, which in relevant part imposes liability upon "any person" who:

> (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval;

>    (2) knowingly makes, uses, or causes to be made or
>    used, a false record or statement to get a false or
>    fraudulent claim paid or approved by the Government;
>
>    (3) conspires to defraud the Government by getting a
>    false or fraudulent claim allowed or paid;
>
>    (4) has possession, custody, or control of property or
>    money used, or to be used, by the Government and,
>    intending to defraud the Government or willfully to
>    conceal the property, delivers, or causes to be
>    delivered, less property than the amount for which the
>    person receives a certificate or receipt;
>
>                    . . .
>    (7) knowingly makes, uses, or cause to be made or used,
>    a false record or statement to conceal, avoid, or
>    decrease an obligation to pay or transmit money or
>    property to the Government[.]

31 U.S.C. § 3729(a) (1)-(4), (7).  None of the allegations of the complaint state a claim under subsections (a)(3), (4), or (7), and the complaint will be dismissed as to those sections without further discussion.

As to the other claims, the complaint does not state a cause of action under the FCA.  In essence, the relator alleges that the defendant violated the Code of Federal Regulations by failing to properly verify the Drug Enforcement Agency number assigned to the prescribing physician and to place that number on the hard copy of the prescription.  The defendant then certified compliance with the relevant statutes and regulations as a condition to government payment, yet knowingly failed to comply.  The complaint does not allege that any of the prescriptions were fraudulent, or that the government was billed for any

2

prescriptions that were not in fact filled.  Instead, the relator proceeds under a certification theory, arguing that the defendant violated the statute "based on a false representation of compliance with a contract term, statute, or regulation — when payment is conditioned on compliance with that requirement." <u>United States ex rel. Quinn v. Omnicare, Inc.</u>, 382 F.3d 432 (3d Cir. 2004).

     The relator has not alleged that that payment was conditioned upon compliance with any particular statute or regulation (as opposed to a general certification) or that the alleged regulatory violation was in any may material to the government's decision to pay out money to the defendant.  <u>See United States v. Salina Regional Health Center, Inc.</u>, 543 F.3d 1211 (10th Cir. 2008).  The complaint will be dismissed.

     The government does not take a position as to what should happen with Mr. Lobel's case, but argues that any dismissal should be without prejudice to the government's ability to take action in the future.  As the United States is not a direct party to this action, I make no ruling with regard to it.

```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA


UNITED STATES ex rel.          :     CIVIL ACTION
CHARLES LOBEL                  :
                               :
          v.                   :
                               :
EXPRESS SCRIPTS, INC.          :     NO. 05-cv-02707-JF
```

ORDER

AND NOW, this 1st day of December 2008, upon consideration of the defendant's Motion to Dismiss, the response thereto, and after oral argument, IT IS ORDERED:

That the motion of the defendant to dismiss the Complaint is GRANTED. The Complaint is DISMISSED. The Clerk is directed to mark the case-file CLOSED.

```
                               BY THE COURT:


                               /s/ John P. Fullam
                               John P. Fullam,     Sr. J.
```